IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JANICE CARPENTER, *et al.*,

    *Plaintiffs*,

v.

BRENTWOOD BWI ONE, LLC, *et al.*

    *Defendants*.

Civil Action No. ELH-15-01431

## MEMORANDUM

On March 27, 2015, plaintiffs Janice Carpenter, Aziz A. Matar, Melody Isaac, Thomas V. Jones, and Sarah Jones filed suit in the Circuit Court for Anne Arundel County, Maryland, against defendants Brentwood BWI One, LLC ("Brentwood") and JMC Mechanical Services, Inc. ("JMC").   *See* ECF 2 ("Complaint").   Plaintiffs seek to recover damages for injuries allegedly sustained as a result of a carbon monoxide leak that occurred in February 2014 at the Westin Hotel at Baltimore Washington International Airport, located in Linthicum Heights, Maryland. *Id.* ¶ 1.

Plaintiffs are "residents" of Maryland and Michigan.  ECF 1 ¶ 3 ("Notice of Removal"). Brentwood is an LLC organized under the laws of Virginia, and JMC is a Maryland corporation. *Id.* ¶¶ 4, 5.  In particular, the Complaint includes four counts.  Carpenter and Matar have sued Brentwood for negligence (Count I); Carpenter and Matar have brought a respondeat superior negligence claim against Brentwood (Count II); Carpenter, Matar, Isaac, and Thomas Jones have sued JMC for negligence (Count III); and Sarah Jones has sued JMC for Loss of Consortium (Count IV). *Id.* ¶¶ 53-85.

JMC removed the action to this Court on May 19, 2015.  ECF 1.  Removal is founded solely on the basis of supplemental jurisdiction. *Id.* ¶¶ 9, 12.  In particular, in the Notice of

Removal, JMC asserts that because the Court has subject matter jurisdiction over a pending related case, *McKisset v. Brentwood BWI One, LLC, et al.*, Case No. WDQ-14-1159, the Court should exercise supplemental jurisdiction over the case *sub judice.*  ECF 1 ¶¶ 6, 12.

*McKisset* is a class action suit, and it arises from injuries sustained as a result of the same carbon monoxide leak that is the subject of the litigation in this case.  *Id.* ¶¶ 6, 7.  According to the Notice of Removal, *McKisset* was removed to federal court on the basis of diversity jurisdiction.  *Id.* ¶ 6.  Moreover, *McKisset* involves the same two defendants named in this case. Defendant thus asserts that *McKisset* "concern[s] the same operative facts and will require an adjudication of the same liability issues" as the case at bar.  *Id.* ¶ 8.[1]  In addition, JMC posits: "Judicial economy requires that this Court exercise supplemental jurisdiction over the issues contained herein."  *Id.* ¶ 16.

For the reasons that follow, I conclude there is no basis for subject matter jurisdiction in the case at bar.  Therefore, I must remand the case to the State court.

In *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014), the Fourth Circuit said: "Fundamental to our federal system is the principle that '[f]ederal courts are courts of limited jurisdiction.'" (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (alteration in *Hanna*); *see United States ex rel. Voyyuru v. Jadhov*, 555 F.3d 337, 347 (4th Cir. 2009).  Thus, a federal district court may only adjudicate a case if it possesses the "power authorized by Constitution and statute."  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotation marks omitted); *see also Bowles v. Russell*, 551 U.S. 205 (2007).  If a party seeks to proceed in federal court, it "must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter."  *Strawn v. AT & T Mobility LLC*,

---

[1] Two third-party defendants have also been sued in *McKisset*.  *See* WDQ-14-1159, ECF 41.

2

530 F.3d 293, 296 (4th Cir. 2008).  Indeed, "if Congress has not empowered the federal judiciary to hear a matter, then the case must be dismissed." *Hanna*, 750 F.3d at 432.

Notably, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend,* 559 U.S. 77, 94 (2010).  Moreover, "[a] court is to presume . . . that a case lies *outside* its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole,* 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen,* 511 U.S. at 377).  This is because "jurisdiction goes to the very power of the court to act." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).  Therefore, "before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)).

Of import here, "[s]ubject matter jurisdiction cannot be forfeited or waived, and can be raised by a party, or by the court *sua sponte*, at any time prior to final judgment." *In re Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010); *see McCulloch v. Vélez*, 364 F.3d 1, 5 (1st  Cir. 2004) ("It is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction."); *see also Snead v. Board of Educ. of Prince George's County*, 815 F. Supp. 2d 889, 893-94 (D. Md. 2011).  And, pursuant to Fed. R. Civ. P. 12(h)(3), "the court must dismiss the action" if it determines that the court lacks subject matter jurisdiction.  *See also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006).

Section 1441(a) of Title 28 of the United States Code provides that removal is proper only when the federal district court has "original jurisdiction" over the state court case.  Congress has conferred jurisdiction on the federal courts in several ways.  To provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts

original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States. *Exxon Mobil Corp.*, 545 U.S. at 552; 28 U.S.C. § 1331; *see also* U.S. CONST. art. III, § 2 ("The Judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made. . . .") This ground does not apply here.

In addition, "Congress . . . has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens," so long as the amount in controversy exceeds $75,000. *Exxon Mobil Corp.*, 545 U.S. at 552; *see* 28 U.S.C. § 1332. This so-called diversity jurisdiction "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011); *see Strawbridge v. Curtiss*, 7 U.S. 267 (1806). Diversity jurisdiction is not satisfied here. This is because several plaintiffs and one defendant are domiciled in Maryland.

Under 28 U.S.C. § 1367(a), the court may exercise supplemental jurisdiction over related state law claims within an action. Section § 1367(a) provides (emphasis added):

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims *in the action* within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

According to the plain language of § 1367(a), in order for a court to exercise supplemental jurisdiction, there must already be an independent basis for original jurisdiction within the same action. In other words, "[s]upplemental jurisdiction is not a source of original subject-matter jurisdiction, and a notice of removal may therefore not base subject-matter

4

jurisdiction on supplemental jurisdiction, even if the action the defendant seeks to remove on that basis is related to another action over which the federal district court already has subject-matter jurisdiction, and even if removal would be efficient." 29A KARL OAKES, FED. PROC., L. ED. § 69:19. Put another way, supplemental jurisdiction does not create an independent basis for removal to federal court. *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002) ("Ancillary jurisdiction . . . cannot provide the original jurisdiction that petitioners must show in order to qualify for removal under § 1441."); 1-8 MOORE'S MANUAL—FEDERAL PRACTICE AND PROCEDURE § 8.21 ("[R]emoval may not be based on a supplemental or ancillary claim alone.").

*Trexler v. Richland County Humane SPCA*, No. 5:09-02173-RBH, 2009 WL 3446764 (D.S.C. Oct. 20, 2009), is edifying. In *Trexler*, plaintiffs filed suit in the South Carolina Court of Common Pleas for Calhoun County. *Id.* at *1. The complaint lodged six state law claims against the defendants. *Id.* In its notice of removal to federal court, the defendants argued that the plaintiffs' claims were removable pursuant to supplemental jurisdiction, because plaintiffs had a related case pending in federal court pursuant to federal question jurisdiction under 28 U.S.C. § 1331. *Id.* In particular, defendants claimed that supplemental jurisdiction was appropriate because the state court action arose out of "the same events and occurrences and is so related to the claims of the plaintiffs' pending federal action that they form part of the same case or controversy." *Id.* at *2.

Rejecting defendants' argument, the *Trexler* Court explained, *id.* (citation omitted):

> [S]upplemental jurisdiction under 28 U.S.C. § 1367 is not an independent basis for the removal of an action filed in state court that does not contain federal claims . . . . For a court to exercise supplemental jurisdiction over state law claims, the claims within the original jurisdiction of the court must exist in the same action as those state law claims. The defendants are attempting to append state law claims from a separate state court action to an already pending federal case in order to create subject matter jurisdiction for removal, a scenario not contemplated by 28 U.S.C. §§ 1367 and 1441.

In sum, the court concluded that the existence of subject matter jurisdiction in a related case could not create a basis for removal in a separate case.  Because the court in *Trexler* did not find an independent basis for subject matter jurisdiction, the court remanded the case to the South Carolina state court for disposition.  *Id.* at *3.

Here, akin to *Trexler*, it is clear that the plaintiffs' complaint does not arise under federal law.  And, in the Notice of Removal, JMC does not assert diversity jurisdiction.  Instead, JMC misapplies supplemental jurisdiction and relies on the diversity present in a wholly separate action to suggest a basis for subject matter jurisdiction in this case.  *See* ECF 1 ¶¶ 6, 12, Notice of Removal.

To support its position that diversity in one case can create supplemental jurisdiction in a related case, JMC relies on *Rosmer v. Pfizer Inc.*, 263 F.3d 110 (4th Cir. 2001).  ECF 1 ¶ 11, Notice of Removal  There, the Fourth Circuit stated:  "Our view, respectfully, is that § 1367 confers supplemental jurisdiction in diversity class actions, so long as one named plaintiff has a claim giving a federal court original jurisdiction."  *Rosmer*, 263 F.3d at 114.  JMC's reliance on *Rosmer* is misplaced.

*Rosmer* concerned a class action law suit removed to federal court by the defendant because a named member of the class, Louise Rosmer, satisfied the citizenship and amount-in-controversy requirements necessary to establish federal subject matter jurisdiction on the basis of diversity.  *Rosmer*, 263 F.3d at 122.  The Fourth Circuit considered whether a district court could exercise supplemental jurisdiction over the claims of fellow class members within the action that did not meet the amount-in-controversy requirement.  *Id.* at 111, 122.  The *Rosmer* Court concluded:  "Louise Rosmer is of diverse citizenship and her claim exceeds the amount in controversy requirement of 28 U.S.C. § 1332.  Consequently, federal courts have original

jurisdiction over it.  Likewise, due to § 1367, federal courts have supplemental jurisdiction over the claims of all class members whose claims do not exceed $75,000."  *Id.* at 122.  Notably, however, the holding in *Rosmer* concerned only related claims of fellow class members within the particular diversity class action suit at issue.  It did not contemplate the exercise of supplemental jurisdiction over claims in separate but related actions.  Thus, *Rosmer* does not establish a basis for supplemental jurisdiction in this case based on diversity in *McKisset*.

JMC also argues that "judicial economy" requires the exercise of supplemental jurisdiction in view of the companion case pending before Judge Quarles.  ECF 1 ¶ 16, Notice of Removal.  But, even if judicial economy were a ground to support removal, I would conclude that removal would not further the interests of judicial economy.  The *McKisset* case was filed about a year before suit was filed in the case *sub judice*.  Discovery in that case is nearing completion.  In this case, it does not appear that Brentwood has yet been served.  Linking the cases would inevitably delay the progress of *McKisset*.

For the reasons set forth herein, this case shall be remanded to the Circuit Court for Anne Arundel County.  An Order follows.


Date:  May 29, 2015                                     _____/s/_____

                                                        Ellen L. Hollander
                                                        United States District Judge